UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4264

MICHAEL JEFFERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-95-491-MJG)

Submitted: June 22, 1999

Decided: August 6, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Roland Walker, WALKER, VAN BAVEL, AMARAL & MEAD,
P.A., Baltimore, Maryland; Lisa J. Sansone, LAW OFFICE OF LISA
J. SANSONE, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Martin J. Clarke, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Jefferson appeals his jury convictions and sentence for carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999), and aiding and abetting such crime, and possession of a firearm by a felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Jefferson was sentenced to sixty months' imprisonment and one year supervised release for violating § 924(c) and 232 months' imprisonment and three years of supervised release for violation of§ 922(g)(1) and ordered to pay a special assessment of $200. (Id.)

On appeal, Jefferson contends that: (1) the district court abused its discretion in admitting testimony concerning the contents of a handwritten note; (2) the court erred in admitting police testimony concerning findings of a latent fingerprint examiner whose report was admitted into evidence without objection; (3) the court abused its discretion in admitting testimony concerning the identification of a possible suspect given to police by anonymous sources; (4) the court erred in ruling that a suggestive pretrial photographic identification was nonetheless reliable; and (5) there was insufficient evidence to support Jefferson's jury convictions. We affirm.

We find the district court did not abuse its discretion in admitting testimony concerning contents of a handwritten note from a probation officer. See Fed. R. Evid. 801(a), (c); United States v. Lis, 120 F.3d 28, 30-31 (4th Cir. 1997). We also find no abuse of discretion in the admission of Officer McGee's testimony as to his knowledge of fingerprint analysis. See Fed. R. Evid. 701. Moreover, any possible error that resulted from McGee's testimony concerning the latent fingerprint report was harmless because the report was admitted into evidence without objection.

2

Furthermore, we find that McGee's testimony concerning the anonymous tip was offered for the limited purpose of explaining the police investigation of the perpetrator's identity, and thus the testimony was not hearsay. See United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985). Nor do we find that the probative value of McGee's testimony was outweighed by undue prejudice. See Fed. R. Evid. 403. We also conclude that the court's findings as to the reliability of Officer Stambaugh's identification of Jefferson were not clearly erroneous, and thus both the photographic identification and the in-court identification of Jefferson were properly admitted. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Finally, when construed in the light most favorable to the Government, we find the evidence sufficient to support Jefferson's convictions. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Accordingly, we affirm Jefferson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3